IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MOMOLU SIRLEAF,**

    Plaintiff,

v.                                                           Civil Action No. **3:15CV338**

**CURTIS WALL,**

    Defendant.

## MEMORANDUM OPINION

Momolu Sirleaf, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on his Particularized Complaint (ECF No. 36). In the Particularized Complaint, Sirleaf argues that, during his incarceration at the Greensville Correctional Center ("GCC"), Defendant Curtis Wall, the Chaplain at GCC, has violated his right to practice his religion as a "member[] of the Common Wealth of Israel." (Part. Compl. 2.)[2] The Court construes Sirleaf to raise the following claims for relief:[3]

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] While the Particularized Complaint names "Plaintiffs" and has attached signatures from a number of inmates, as previously explained to Sirleaf, "only Plaintiff [Sirleaf] [i]s permitted to proceed as a plaintiff in the action." (Mem. Order 2 n.2, ECF No. 25.) The Court again reminded Sirleaf in its May 27, 2016 Memorandum Order that "he is the sole Plaintiff in the instant action and . . . he is not proceeding as the representative of a class as his Particularized Complaint suggests." (Mem. Order 1, ECF No. 37.)

Claim One: Defendant Wall placed a substantial burden on Sirleaf's exercise of his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[4] in August 2014, by denying Sirleaf's request for "(i) Ecumenical Pilgrim Feast/Festivals, (ii) Communal - - worship items, i.e. musical instruments, prayer rugs/blankets, etc., (iii) their right to celebrate the birthday and coronations of Emperor Haile Selaisse on July 23 and November 2, of every year." (*Id.* at 7.)

Claim Two: Defendant Wall violated Sirleaf's First Amendment[5] right to free exercise of his religion by "plac[ing] unlawful restrictions, as aforementioned." (*Id.* at 8.)

Claim Three: Defendant Wall violated Sirleaf's Fourteenth Amendment[6] right to equal protection of the law by "limiting ecumenical feast/services to the similarly situated inmates of the European and Arabic race and religious sects." (*Id.* at 8.)

The matter is now before the Court on Defendant Wall's Motion for Summary Judgment. (ECF No. 42.) Despite providing Sirleaf with appropriate *Roseboro*[7] notice, Sirleaf has not responded. This matter is ripe for judgment. For the reasons stated below, Defendant Wall's Motion for Summary Judgment will be GRANTED, and Sirleaf's claims will be DISMISSED because he failed to exhaust his administrative remedies.

## I. Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[3] The Court corrects the spacing and punctuation in the quotations from Sirleaf's Particularized Complaint.

[4] 42 U.S.C. § 2000cc–1(a).

[5] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[6] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[7] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Defendant Wall asks the Court to dismiss Sirleaf's claims because Sirleaf failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendant Wall bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of his Motion for Summary Judgment, Defendant Wall submits: (1) the affidavit of Shirley Tapp, the Grievance Coordinator at GCC (Mem. Supp. Mot. Summ. J. Ex. 1 ("Tapp Aff."), ECF No. 43-1); (2) a copy of Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 (*id.* Encl. A ("Operating Procedure § 866.1"));[8] and, (3) copies of grievances material submitted by Sirleaf (*id.* Encl. B).

Sirleaf did not respond to the Motion for Summary Judgment, thereby failing to cite to any evidence that he wishes the Court to consider in opposition. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for

---

[8] The Court has omitted the emphasis in the quotations from this document.

summary judgment). Sirleaf's Particularized Complaint was sworn to under penalty of perjury; however, it fails to address his attempts at exhaustion except for the conclusory statement "plaintiff[] exhausted [his] remedies." (Part. Compl. 10.) Sirleaf's "[a]iry generalities [and] conclusory assertions" that he exhausted his administrative remedies "[do] not suffice to stave off summary judgment." *McManus v. Wilson*, No. 3:13CV460, 2015 WL 3444864, at *6 (E.D. Va. May 28, 2015) (alterations in original) (quoting *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004)). Sirleaf's complete failure to present any evidence to counter Defendant Wall's Motion for Summary Judgment permits the Court to rely solely on Defendant Wall's submissions in deciding the Motion for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))); *see* Fed. R. Civ. P. 56(c)(3) ("The Court need only consider the cited materials . . . .").

Accordingly, the following facts are established for the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Sirleaf.

## II. Undisputed Facts

### A. VDOC's Grievance Procedure

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (Tapp Aff. ¶ 4.) Offenders are oriented to the offender grievance procedure when they are initially received into the VDOC. (*Id.* ¶ 9.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve

complaints. (Operating Procedure § 866.1.V.B.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.B.1.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original Regular Grievance (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the Informal Complaint was logged without the offender receiving a response, the offender may submit a Grievance on the issue and attach the Informal Complaint receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.B.2.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or

she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

### 3. Emergency Grievances Fail to Satisfy the Exhaustion Requirement

An offender may file an emergency grievance if he or she believes that there is a situation or condition which may subject him or her to immediate risk of serious personal injury or irreparable harm. (*Id.* § 866.1 VII.A.) The filing of an emergency grievance does not satisfy the exhaustion requirement. (Tapp Aff. ¶ 8.) As previously outlined, to satisfy the exhaustion requirement the offender must submit his or her complaint "by filing a Regular Grievance with the appropriate Informal Complaint, and appealing it through all available appeal levels." (*Id.*)

### B. Facts Pertaining to Sirleaf's Exhaustion of Administrative Remedies

Sirleaf has utilized the grievance procedure numerous times during his incarceration. (Tapp Aff. ¶ 9.) On September 27, 2014, Sirleaf submitted an informal complaint (#GCC-14-INF-07121) wherein he complained that Chaplain Wall "refus[ed] to honor my religious beliefs [which] violate[d] my right under the 1st and 14th amendment and RLUIPA." (*Id.* Encl. B, ECF

No. 43-1, at 24.)[9] GCC staff responded that the "Religious Calendar [is] set by Doc Headquarters" and that the Chaplain "[w]ill follow [p]olicy set by Headquarters." (*Id.*)[10]

On October 31, 2014, Sirleaf submitted an informal complaint (#GCC-14-INF-08177) wherein he stated his "request for communal workshop item for my faith the House of Yahueh forwarded by me then reforwarded by a[n] email from Chaplin [sic] Wall." (ECF No. 43-1, at 23.) GCC staff responded that Sirleaf could either submit a request to the Faith Review Committee or secure a volunteer who could mentor Sirleaf's religious program. (*Id.*)

On December 2, 2014, Sirleaf submitted an informal complaint (#GCC-14-INF-09074) wherein he vaguely stated that he "set forth this 866.1 as 'AFFIDAVIT OF TRUTH' that Chaplain Wall states that his official decision on behalf of the government is that my sincerely held religious beliefs in Establishment of my religious group[']s faith and creed." (ECF No. 43-1, at 22.) To the extent that this stated a cognizable complaint, a staff member responded to Sirleaf that he "must write Headquarters on these issues." (*Id.*)

On September 13, 2015, Sirleaf submitted an emergency grievance wherein he complained that the master religious calendar failed to provide dietary considerations for his religious feasts. (ECF No. 43-1, at 21.) GCC staff responded that his grievance failed to meet the definition of an emergency, however, "an email has been sent to Chaplain Wall so he can look into this matter." (*Id.*)

---

[9] Enclosure B lacks any pagination. Accordingly, the Court hereinafter refers to this submission by its docket number and the pagination assigned by the CM/ECF docketing system.

[10] Attached to Sirleaf's Particularized Complaint is an Offender Request form submitted to the Faith Review Committee on September 17, 2014, prior to the submission of his informal complaints listed above, wherein he requests that "the committee afford The Recognized Religious Group Yahwists/House of Yaweh [certain] religious activity accommodations." (ECF No. 36–1, at 1.) The only apparent accommodation related to his claims in the instant action is his request that "the Yahwists/House of Yaweh . . . also observe [and] celebrate the birthday and coronation day of Emperor Haile Selassie (as the Rastafarians do)." (*Id.*)

Sirleaf did not file Regular Grievances pertaining to the Emergency Grievance or three Informal Complaints he submitted. (Tapp Aff. ¶ 11.)

Tapp avers that based on the grievance records, Sirleaf failed to exhaust his administrative remedies for his claims. (*Id.*)

### III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002)

Here, Sirleaf clearly failed to exhaust his administrative remedies with regard to his claims. Although Sirleaf filed several Informal Complaints, and an Emergency Grievance, he

never pursued any regular grievances. Sirleaf also never pursued any of his claims on appeal, much less to a Level II appeal. Thus, he failed to comply with 42 U.S.C. § 1997e(a). *See Woodford*, 548 U.S. at 90. Sirleaf offers no argument to excuse his failure to exhaust his administrative remedies for these claims. Accordingly, Sirleaf's claims will be DISMISSED WITHOUT PREJUDICE. *See Duncan v. Clarke*, No. 3:12CV482, 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (explaining that "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).

## IV. Outstanding Objections

Sirleaf "appeal[s] de novo to the United States District Court Judges . . . the Memorandum Order of [the] Magistrate Judge . . . denying 'without prejudice plaintiff's motion for the requesting of the appointment of counsel' . . . . the denying of plaintiff['s] motion for temporary restraining order . . . and motion for preliminary injunction . . . 'without prejudice'." (ECF No. 30, at 1.)

Pursuant to Federal Rule of Civil Procedure 72(a), a party may seek review of nondispositive pretrial matters by a district court judge. The Rule provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Court construes Sirleaf's "Appeal" as objections permitted under Rule 72(a) ("Objections").

First, to the extent that Sirleaf objects to the purported denial of his motion for a temporary restraining order or motion for preliminary injunction, Sirleaf filed no motion for a

9

temporary restraining order or motion for preliminary injunction in the instant action. Thus, no order exists for Sirleaf to object to.

Second, the Court construes Sirleaf to object to the Magistrate Judge's December 9, 2015 Memorandum Order denying without prejudice his Motion for Appointment of Counsel. (See Mem. Order 1, ECF No. 15.) Sirleaf filed his "Appeal" on April 4, 2016, well beyond the fourteen days permitted for objections. Thus, his objection to the December 9, 2015 Memorandum Order is untimely. Additionally, Sirleaf provides no argument in support of his protest of the Magistrate Judge's denial of his Motion for Appointment of Counsel. The Magistrate Judge determined that counsel need not be appointed for Sirleaf because "[t]his action presents no complex issues or exceptional circumstances" and that Sirleaf's "pleadings demonstrate that he is competent to represent himself in the action." (Mem. Order 1, ECF No. 15.) The Court discerns no error in the Magistrate Judge's conclusion. Sirleaf's Objections (ECF No. 30) will be OVERRULED.

### V. Conclusion

Accordingly, the Motion for Summary Judgment (ECF No. 42) will be GRANTED. Sirleaf's claims will be DISMISSED WITHOUT PREJUDICE. Sirleaf remains free to file a new complaint once he has properly exhausted his administrative remedies with respect to his claims. Sirleaf's Objections (ECF No. 30) will be OVERRULED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: NOV 15 2016
Richmond, Virginia